STATE of Texas, Appellant,

v.

THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY d/b/a Parks Good Samaritan Village, Appellee.

No. 03–97–00817–CV

Court of Appeals of Texas, Austin.

Dec. 3, 1998.

Dan Morales, Atty. Gen., Rande K. Herrell, Asst. Atty. Gen., Financial Litigation Division, Austin, for appellant.

Randall C. Doubrava, James K. McClendon, Hilgers & Watkins, P.C., Austin, for appellee.

Before Justices JONES, KIDD and YEAKEL. *

MACK KIDD, Justice.

The Attorney General, upon referral from the Texas Department of Human Services (the "TDHS"), brought suit against appellee The Evangelical Lutheran Good Samaritan Society (the "Society") seeking civil penalties for violations under chapter 242 of the Texas Health and Safety Code regarding the operation of one of the Society's nursing homes. The Society filed a motion to show cause by what authority the Attorney General was authorized to file suit. Pursuant to Texas Rule of Civil Procedure 12, the district court, after finding that the Attorney General lacked both statutory and constitutional authority to prosecute the suit, dismissed the case. The State of Texas appeals. We will reverse the district court's order.

## BACKGROUND

This case arises from an investigation by TDHS following the death of a resident at Parks Good Samaritan Village (the "facility"), a nursing home. TDHS found that the Society violated three separate standards promulgated by the agency. Using its power under chapter 242 of the Texas Health and Safety Code and Title 40, section 19.2110 of the Texas Administrative Code, TDHS referred the case to the Attorney General. *See* Tex. Health & Safety Code Ann. §§ 242.001–.804 (West 1992 & Supp.1999); *see also* 40 Tex. Admin. Code § 19.2110 (1998). Because the violations posed a threat to the health and safety of residents at the facility,

---

\* Before Lee Yeakel, former Chief Justice, Third Court of Appeals, sitting by assignment. *See* Tex.

Gov't Code Ann. § 75.003(a)(1) (West 1998).

TDHS requested that the Attorney General bring suit for civil penalties under section 242.065 of the Texas Health and Safety Code. *See* Tex. Health & Safety Code Ann. § 242.065 (West Supp.1999). Suit was filed in Ector County in March 1997, but at the request of both parties was transferred to Travis County in April of the same year. Shortly thereafter, the Society filed an amended answer and counterclaims. In May, the Society filed a motion to cause attorney to show authority in accordance with Rule 12 of the Texas Rules of Civil Procedure.[1] *See* Tex.R. Civ. P. 12. The motion asserted that the Attorney General lacked both statutory and constitutional authority to bring the suit. The district court agreed with the Society and signed an order dismissing the case. The State of Texas filed a motion for new trial, which was denied by the district court. In three points of error, the State of Texas now appeals the district court's order granting the Society's motion to show authority.

## DISCUSSION

This Court must determine whether the district court erred in granting the Society's motion to cause attorney to show authority. The district court concluded that the Attorney General, upon referral from TDHS, did not have authority to bring a suit for civil penalties under section 242.065 of the Texas Health and Safety Code. The district court's finding that an attorney lacks authority to file or maintain a suit is a conclusion of law. *Gulf Reg'l Educ. Television v. University of Houston,* 746 S.W.2d 803, 806 (Tex. App.—Houston [14th Dist.] 1988, writ denied) (involving the grant of a motion to cause attorney to show authority). As a conclusion of law, we review the district court's finding de novo. *See Nelkin v. Panzer,* 833 S.W.2d 267, 268 (Tex.App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.).

The issue of whether the Attorney General has authority to bring suit arises because section 242.065 fails to expressly mention which law enforcement entity should represent TDHS in seeking civil penalties in a court of law. *See* Tex. Health & Safety Code Ann. § 242.065 (West Supp.1999). We must, therefore, interpret the legislative intent behind section 242.065 in order to determine which law enforcement agency is appropriate to bring suit. Legislative intent is determined by examining the language used in the statute, reading every word, phrase, and expression as if it were deliberately chosen for a purpose. *Southwestern Bell Tel. Co. v. Pub. Util. Comm'n,* 745 S.W.2d 918, 923–24 (Tex.App.—Austin 1988, writ denied). We cannot, however, construe section 242.065 in isolation, but rather, must construe it in the context of the statute as a whole. *See Martin v. Department of Pub. Safety,* 964 S.W.2d 772, 774 (Tex.App.—Austin 1998, no pet.). Consequently, before examining section 242.065 directly, we examine the statutory framework established by chapter 242, and the role the Attorney General plays in that framework.

Chapter 242 of the Texas Health and Safety Code is the primary legislation for the regulation and oversight of nursing homes in the State of Texas. Chapter 242 is divided into seventeen subchapters. These subchapters generally fall into three broad categories: administrative requirements, medical care and services, and enforcement. The subchapters within the administrative requirements category deal with day-to-day operation of an institution.[2] *See* Tex. Health & Safety Code Ann. §§ 242.032–.049, .221–.226, .301–.322 (West Supp.1999). Examples of the types of provisions in this category include those dealing with licensing requirements for institutions and the system for

---

1. *Texas Rule of Civil Procedure 12 provides in relevant part:*

   A party in a suit or proceeding pending in a court of this state may, by sworn written motion stating that he believes the suit or proceeding is being prosecuted or defended without authority, cause the attorney to be cited to appear before the court and show his authority to act.... Upon his failure to show such authority, the court shall refuse to permit the attorney to appear in the cause, and shall strike the pleadings if no person who is authorized to prosecute or defend appears.
   Tex.R. Civ. P. 12.

2. We use the term "institution" as it is defined in section 242.002. *See* Tex. Health & Safety Code Ann. § 242.002 (West Supp.1999).

medicaid reimbursements. *See* Tex. Health & Safety Code Ann. §§ 242.032–.049, .221–.226 (West Supp.1999). The medical care and services category includes general requirements about the quality of care patients are to receive and about particular services that are to be provided. *See* Tex. Health & Safety Code Ann. §§ 242.151–.161, .201–.204, .401–.404, .601–.615, .801–.804 (West Supp. 1999). Provisions in this category govern, among other things, the administration of medication and the services provided to specific kinds of residents, such as children and residents suffering from Alzheimer's Disease. *See* Tex. Health & Safety Code Ann. §§ 242.601–.615, .201–.204, .801–.804 (West Supp.1999). The category encompassing the majority of the statute's subchapters is enforcement. *See* Tex. Health & Safety Code Ann. §§ 242.061–.073, .094–.099, .1225–.134, .251–.268, .501–.504, .551–.554, .651–.655 (West Supp.1999). Within this category are the provisions concerning resident's rights, appointment of trustees for institutions, reports of abuse and ensuing inspections, arbitration of disputes, and general enforcement. *Id.*

Although the statute gives TDHS the primary responsibility in Texas for regulating nursing homes, the legislature has also articulated an extensive role for the Attorney General. For instance, the Attorney General and TDHS are both required to prepare annual performance reports of the administration of their respective duties under the chapter. Tex. Health & Safety Code Ann. § 242.005 (West Supp.1999). Additionally, the long-term care legislative oversight committee is required to review specific recommendations for legislation from the Attorney General as well as TDHS. Tex. Health & Safety Code Ann. § 242.653 (West Supp. 1999). With regard to legal proceedings, chapter 242 explicitly requires the Attorney General to provide legal assistance as necessary to enforce the provisions of subchapter I in particular, and furthermore to cooperate

in *any legal proceeding requested by* TDHS. Tex. Health & Safety Code Ann. §§ 242.073, .320 (West Supp.1999).

■ We now focus our attention on subchapter C, General Enforcement, and, in particular, section 242.065, the section at issue in this appeal. It is evident that the legislature's amendments to this subchapter in 1995 and 1997 were an attempt to provide greater protection for the health and safety of nursing home residents.[3] As in other subchapters, the legislature envisioned a key role for the Attorney General.

Subchapter C of chapter 242 provides various enforcement tools for TDHS to use in the regulation of nursing homes. The tools available to TDHS include administrative penalties, trusteeship, criminal penalties, and civil penalties. *See* Tex. Health & Safety Code Ann. §§ 242.065, .069, .094 (West Supp. 1999). Administrative penalties are assessed by TDHS for minor violations of the statute. The Attorney General, upon request by TDHS, seeks collection of the administrative penalty if the person or entity charged does not pay the penalty within thirty days. Tex. Health & Safety Code Ann. § 242.069 (West Supp.1999). In a trusteeship, the Attorney General seeks appointment of a trustee to operate an institution once certain circumstances arise and TDHS determines that a trustee is needed, such as when an institution is operating without a license or an institution's license has been suspended or revoked. Tex. Health & Safety Code Ann. § 242.094 (West Supp.1999). Criminal penalties are customarily handled by the county and district attorneys.

In 1997, the legislature greatly enhanced civil penalties as an enforcement tool available to TDHS. Section 242.065 provides for civil penalties when TDHS determines that a violation has occurred that threatens the health and safety of a resident. Tex. Health & Safety Code Ann. § 242.065 (West Supp. 1999). Section 242.065(a) reads as follows:

---

**3.** Section 242.001, entitled **Scope, Purpose, and Implementation**, states in relevant part:

    (d) The legislature finds that the construction, maintenance, and operation of institutions shall be regulated in a manner that protects the residents of the institution by:

       . . . .

       (2) strictly monitoring all factors relating to the health, safety, welfare, and dignity of each resident;

Tex. Health & Safety Code Ann. § 242.001(d)(2) (West Supp.1999).

A person who violates or causes a violation of this chapter or a rule adopted under this chapter is liable for a civil penalty of not less than $1,000 or more than $20,000 for each act of violation if the department determines the violation threatens the health and safety of a resident.

Tex. Health & Safety Code Ann. § 242.065(a) (West Supp.1999). Subsection (b) requires that a trier of fact determine the amount of the penalty to be awarded and lists factors for the trier of fact to consider. *Id.* Thus, unlike the administrative penalties provided for by the statute, the trier of fact in a civil trial, rather than TDHS, determines the amount of the civil penalty. *Id.* The controversy in this case concerns whether the Attorney General has the authority to represent the State of Texas and TDHS before the trier of fact in civil cases pursuant to section 242.065.

During the same session the legislature enhanced the civil remedies provision, the Legislature also enacted section 242.073, entitled **Legal Action by the Attorney General.**[4] Tex. Health & Safety Code Ann. § 242.073 (West Supp.1999). This section is also found in the General Enforcement subchapter, and provides some insight in resolving this controversy. The title of the section clearly anticipates that the Attorney General will bring legal actions at the request of TDHS. *Id.* Subpart (a) of the section establishes the relationship between TDHS and the Attorney General during legal proceedings. *Id.* Subpart (a) requires that the Attorney General and TDHS work in close cooperation in *any legal proceeding requested by TDHS. Id.* The phrase "any legal proceeding" implies that the Attorney General maintains an official role in civil trials when referred by TDHS pursuant to section 242.065.

Subpart (b) of section 242.073 also provides some insight. *Id.* Section 242.073(b) requires the commissioner of TDHS to approve *any settlement agreement* of a suit brought under

Chapter 242. *Id.* (emphasis added). The phrase "any settlement agreement" connotes a civil or monetary settlement such as those arising from a suit for civil penalties under section 242.065. Furthermore, subpart (b) directly refers to the health and safety of residents, the same concern that section 242.065 seeks to address. *Id.* From the language in section 242.073, it is clear that the legislature intended for the Attorney General to file suits under section 242.065 upon referral from TDHS.

■ Furthermore, TDHS's own interpretation of section 242.065 removes all doubt regarding this issue. TDHS's own rules and regulations state: "[TDHS] may refer a facility to the attorney general for the assessment of civil penalties under the Texas Health and Safety Code, section 242.065, for a violation that threatens the health and safety of a resident." 40 Tex. Admin. Code § 19.2110 (1998). From this regulation, it is clear that TDHS interprets the statute to grant the Attorney General authority to bring suit under section 242.065 upon referral from TDHS. We accord substantial weight to an administrative agency's contemporaneous interpretation of its statutory authority, so long as that interpretation is reasonable. *See Texas Utils. Elec. Co. v. Sharp,* 962 S.W.2d 723, 726 (Tex.App.—Austin 1998, pet. denied); *see also State v. Public Util. Comm'n,* 883 S.W.2d 190, 197 (Tex.1994) (holding that an administrative agency's construction of a statute is entitled to great weight). Considering the prominent role the Attorney General has in the overall statutory framework of chapter 242 and the historical role of the Attorney General in representing the state in civil matters, we conclude that TDHS's interpretation of the statute is reasonable. We, therefore, give deference to TDHS's interpretation of section 242.065 that the Attorney General has authority to bring civil suits upon referral by TDHS.

4. § 242.073. Legal Action by the Attorney General
(a) The department and the attorney general shall work in close cooperation throughout any legal proceedings requested by the department.

(b) The commissioner must approve any settlement agreement to a suit brought under this chapter or any other law relating to the health and safety of residents in institutions. Tex. Health & Safety Code Ann. § 242.073 (West Supp.1999).

The Society argues that the Attorney General needs specific authorization by statute to represent the State in a trial under section 242.065, and that chapter 242 does not provide such specific authorization. We disagree. The instrumental role played by the Attorney General in chapter 242 in general, combined with the particular language of section 242.073, evidences the legislature's intent that the Attorney General have authorization to bring suits for civil penalties under section 242.065 upon referral from TDHS.

The Society further argues that suits for civil penalties under chapter 242 should be handled by county and district attorneys rather than the Attorney General. This argument ignores the traditional roles and expertise of these law enforcement agencies. County and district attorneys traditionally represent the State in criminal matters and have developed expertise in the criminal law area. In fact, the Texas Code of Criminal Procedure places a duty on county and district attorneys to represent the state in criminal matters. *See* Tex.Code Crim. Proc. Ann. arts. 2.01, .02 (West Supp.1999). Consequently, even though chapter 242 is silent as to which entity should prosecute cases involving the numerous criminal penalties established by the chapter, the county or district attorneys customarily bring those cases. When drafting chapter 242, the legislature recognized the duty of county and district attorneys and therefore expressly required in the statute that final reports of investigations regarding neglect or abuse at institutions be submitted to the district attorney for prosecution. Tex. Health & Safety Code Ann. § 242.126 (West Supp.1999).

The Attorney General's prominent role in the statute does not diminish the duty of district and county attorneys to represent the state in criminal matters arising under chapter 242. The legislature's adherence to that proposition is exemplified in subchapter I dealing with nursing home administration. The subchapter clearly mandates that, though the Attorney General is required to provide legal assistance to enforce provisions

of subchapter I, the Attorney General's assistance "does not relieve a local prosecuting officer of any of the prosecuting officer's duties under the law." Tex. Health & Safety Code Ann. § 242.320 (West Supp.1999).

Unlike the district and county attorneys whose expertise is in the criminal law area, the Attorney General has expertise in representing the State of Texas in civil matters. We fail to see any reason to modify the traditional roles of these two law enforcement agencies in the context of enforcing chapter 242.[5] We hold that, pursuant to section 242.065, the Attorney General has clear authority to represent the state in civil trials upon referral by TDHS. We sustain the State's point of error in that regard. Having held that the Attorney General has direct statutory authority to represent TDHS in this case, we need not address the State's remaining two points of error.

### CONCLUSION

Because the legislature established a prominent role for the Attorney General throughout chapter 242 in general and in the subchapter on general enforcement in particular; because of the broad language of section 242.073, defining the relationship between the Attorney General and TDHS in any legal proceeding; and because we defer to TDHS's interpretation of its own regulation allowing for referral of institutions to the Attorney General for the assessment of civil penalties, we hold that the Attorney General has authority to seek civil penalties under section 242.065 when requested to do so by TDHS. Consequently, we reverse the order of the district court dismissing the cause for failure to show proper authority and remand the cause to the district court for further proceedings.

---

**5.** In this opinion we answer only whether the Attorney General *upon referral* from TDHS has authority to bring civil actions pursuant to section 242.065. We do not speak to the issue of a county or district attorney's authority upon similar referral.