# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00312-CV

**Dr. Rudoulf Michael Metz, Appellant**

**v.**

**Lake LBJ Municipal Utility District; Llano Independent School District; County Education District #15; Linebarger Heard Goggan Blair Graham Pena & Sampson; Llano County; Lake Lyndon B. Johnson Improvement Corporation; and Horseshoe Bay Applehead Assessment Association, Inc., Appellees**

## FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT NO. 12,160, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING

Appellant, Rudoulf Michael Metz, appeals the district court=s dismissal of this bill of review proceeding. The district court dismissed the bill of review without prejudice after concluding that Clara E. ABetsy@ Johnson failed to show authority to represent appellant as his attorney in the proceeding. *See* Tex. R. Civ. P. 12. Appellant raises four issues contending that the district court erred in failing to take the proper steps to terminate Johnson=s appointment as appellant=s attorney *ad litem*; abused its discretion in failing to grant a continuance regarding a hearing challenging the affidavit of inability to pay for the appellate record; abused its discretion in granting the appellees= contest to the affidavit of inability to pay; and erred in failing to conclude that the appellees did not comply with the rules of civil procedure relating to service of

process in the underlying property tax delinquency proceeding. We will affirm the district court=s order dismissing the bill of review proceeding without prejudice.

**Background**

Underlying this bill of review proceeding was the property tax delinquency suit commenced by appellees in April 1995 against appellant in the same Llano County district court. In March 1996, the appellees, unable to determine an address for appellant, served him with process by publication. *See* Tex. R. Civ. P. 108. The district court also appointed an *ad litem* to act on appellant=s behalf. *See* Tex. R. Civ. P. 244. In October 1996, due to the joinder of a party to the proceeding with whom the appointed *ad litem* had a conflict of interest, the district court appointed Johnson to serve as appellant=s *ad litem* attorney. Some time after her appointment and before the district court rendered a final judgment, Johnson moved her law practice from Llano County, Texas, to the State of Washington and communicated that fact by letter to the district court. The appellees then requested that the court appoint a new *ad litem* for appellant. In August 1998, the district court appointed Tim Cowart to serve as appellant=s attorney *ad litem*. In November 1998, following a trial on the merits at which Cowart represented appellant=s interests, the district court rendered a final judgment in favor of the appellees. Pursuant to the judgment, in April 1999, the property was sold by the Sheriff of Llano County.

In November 1999, Johnson moved back to the area and filed a petition for a bill of review representing that she was doing so on appellant=s behalf. In the petition, she referred to herself as appellant=s attorney *ad litem*. The petition sought to set aside the November 1998 judgment in favor of the appellees as well as set aside the April 1999 sheriff=s sale of the property on the basis that appellant was not

2

properly served with process. Additionally, the petition requested attorney *ad litem* fees for Johnson in excess of $5900.

Appellees answered and generally denied the allegations in the petition. Further, appellees, by sworn motion, challenged Johnson=s authority to represent appellant in the bill of review proceeding.[1] *See id.* A hearing was set for 9:00 a.m. on March 9, 2001. On March 7, 2001, Johnson filed a response titled AObjection & Reply To Motion To Show Authority.@ The response, however, did not address any issues raised in appellees= motion to show authority; rather, it reiterated the contentions in the bill of review petition that appellant was served improperly in the underlying property tax delinquency proceeding. The only portions of the response related to appellees= motion to show authority were the statements that Johnson was simply Anot available@ for a March 9 hearing and that it was a Aburden to appear in this matter twice given the distance [she had to drive]@ and the fact that she was having car trouble.

---

[1] Texas Rule of Civil Procedure 12 provides in relevant part:

> A party in a suit or proceeding pending in a court of this state may, by sworn written motion stating that he believes the suit or proceeding is being prosecuted or defended without authority, cause the attorney to be cited to appear before the court and show his authority to act.

Tex. R. Civ. P. 12.

On March 9 the court held a hearing on appellees= motion to show authority. The only attendees at the hearing were the attorneys for the appellees; Johnson did not appear nor did anyone on her behalf. The record reflects that on March 9 at 10:06 a.m., Johnson submitted to the district court by fax a first motion for continuance of the March 9 hearing. The court, however, at 9:20 a.m. had already commenced the hearing.

The reporter=s record from the hearing on the motion to show authority reflects the following:

**The Court**:             Isn=t there an order in the file removing her as attorney?

**The Clerk**:             Not B B is it in that file?

**[Appellees= attorney]**:    No. What happened was there was in the originally filed delinquent tax suit, it=s originally Mary Moursund was appointed attorney ad litem. Then when we amended the suit to add Horseshoe Bay Maintenance Fund, Inc., we had to remove Mary. Then Betsy was appointed to serve as attorney ad litem.

                             Then it was set for trial about four times, and she asked it to be passed every time. Then by the time we were ready to set it again, she had removed herself from the State of Texas to the State of Washington.

                             She sent you a letter saying she intended to remove herself from all of the cases, so we=ve (sic) filed a motion to appoint B B another motion to appoint an attorney ad litem, court appoint Tim Cowart. We had our judgment with Tim representing the defendant.

                             Then she filed this separate cause of action as a bill of review, and we don=t think under any circumstances she would have authority to file that either as an ad litem, or as a B B an attorney

4

for the plaintiff, because it=s clear from the pleadings that she hasn=t contacted the plaintiff.  She was still searching for him, and plaintiff was totally unaware of all of this because of the cite by posting.  So I don=t think she has any authority to represent the B B

. . . . .

**The Court**: The Court takes judicial notice of the facts just recited by [Appellees= attorney] and further of the fact that the Court has advised Ms. Johnson specifically because she was still submitting invoices to the court for work and the court appointments, that she was no longer an attorney under any court appointments in this district.

Prior to the filing of this plaintiff=s original petition for bill of review, it is clear on the record for the original case . . . which was 10,693, in Llano County, that she was no longer the attorney of record in that case.  Therefore, she could not possibly, under any theory whatsoever, have the authority at this point to file an original petition for bill of review.

The Court further takes notice of her pleadings in this Cause Number 12,160, that she is still looking for Dr. Rudolf Michael Metz; further, that her pleadings are clearly purported to be in the capacity as attorney ad litem and guardian, as she says for Dr. Rudolf Michael Metz.  Therefore, she could not possibly be representing him in any individual capacity of representation, and therefore cannot have authority in that manner.

At the conclusion of the hearing, the district court rendered a final order which concluded that Johnson was without authority to file the bill of review on behalf of appellant and that no counsel appeared on behalf of appellant.  Further, the court ordered Johnson barred from continuing to represent appellant and ordered the pleadings struck and the bill of review proceeding dismissed without prejudice.  The district court never reached the merits of the petition for bill of review.

5

Johnson, on behalf of appellant, filed an unsupported motion for new trial contending that the district court erred in concluding that Johnson had no authority to bring the bill of review because there had been no formal hearing with notice to Johnson that her appointment as attorney *ad litem* for appellant was terminated, that the district court erred in failing to grant a continuance of the hearing on the motion to show authority, and that service of process by publication in the underlying tax delinquency proceeding was improper. The motion was overruled by operation of law.

Notice of appeal was timely filed. Johnson submitted and signed the notice of appeal representing that AThe party filing this notice is the Plaintiff, Dr. Rudoulf Michael Metz, by Clara E. ABetsy@ Johnson, Attorney ad Litem and guardian appointed by the Trial Court.@ Accompanying the notice of appeal was an affidavit of inability to pay the costs of appeal that reflected Johnson=s, not appellant=s, financial status and contended that Johnson was unable to pay the costs of appeal. The appellees challenged the affidavit, and following a hearing, the district court sustained the appellees= challenge to the affidavit of inability to pay. The appellate records were prepared, the fees were paid, and the appeal has proceeded.

**Discussion**

On appeal, four issues are presented for review: (1) whether the district court erred in failing to take the proper steps to terminate Johnson=s appointment as appellant=s attorney *ad litem*; (2) whether the district court abused its discretion in failing to grant a continuance regarding a hearing challenging the affidavit of inability to pay for the appellate record; (3) whether the district court abused its discretion in granting the appellees= contest to the affidavit of inability to pay; and (4) whether the district

6

court erred in failing to conclude that the appellees did not comply with the rules of civil procedure relating to service of process in the underlying property tax delinquency proceeding.

*Johnson=s status as appellant=s attorney ad litem*

Rule 12 of the Texas Rules of Civil Procedure requires a party who believes that a suit is being prosecuted or defended without authority by an attorney to move before the parties have announced ready for trial that such attorney not be permitted to appear in the cause. *See* Tex. R. Civ. P. 12; *City of San Antonio v. Aguilar*, 670 S.W.2d 681, 684 (Tex. Civ. App.CSan Antonio 1984, writ dism=d). At the hearing on the motion, the burden is upon the challenged attorney to show sufficient authority to prosecute or defend the suit on behalf of the other party. *Id.* The district court=s finding that an attorney lacks authority to file or maintain a suit is a conclusion of law. *State v. Evangelical Lutheran Good Samaritan Society*, 981 S.W.2d 509, 511 (Tex. App.CAustin 1998, no pet.) (citing *Gulf Reg=l Educ. Television v. University of Houston*, 746 S.W.2d 803, 806 (Tex. App.CHouston [14th Dist.] 1988, writ denied)). As a conclusion of law, we review *de novo* the district court=s finding. *Evangelical Lutheran*, 981 S.W.2d at 511.

Appellant fails to directly challenge the district court=s basis for dismissal of the proceedingsCthat Johnson was without authority to represent appellant in these bill of review proceedings. However, in construing appellant=s issues broadly, we note that the second issue contends that the district court failed to take the proper steps to remove Johnson as appellant=s prior attorney *ad litem*. As Johnson did not appear at the hearing on the motion to show authority, this issue was raised for the first time in an unsupported motion for new trial.

A motion for new trial that is overruled by operation of law preserves for appellate review a complaint properly made in the motion, unless taking evidence was necessary to properly present the complaint to the trial court. *See* Tex. R. App. P. 33.1. The contention that the district court erred in failing to properly terminate Johnson=s *ad litem* appointment required some substantiation or evidence before the district court. As there was no support for this assertion, it was not properly preserved for our review. *See* Tex. R. App. P. 33.1(b). In the event, however, the assertion in the motion for new trial is properly before us, we note that there are no statutory provisions or procedural rules outlining steps a court must take in removing an *ad litem* from an appointment. *See Coleson v. Bethan*, 931 S.W.2d 706, 712 (Tex. App.CFort Worth 1996, no writ). The *Coleson* court noted, however, that a motion pursuant to Texas Rule of Civil Procedure 12 would be appropriate where Aperhaps the attorney *ad litem*=s duties had been fulfilled but the attorney *ad litem* continued to act and failed to seek his or her discharge, as would be the normal scenario.@ *Id.*

Although the record before us does not contain any documents from the underlying property tax delinquency proceeding, as noted above, during the hearing on appellees= motion to show authority, the district judge took judicial notice of several facts that occurred during the underlying tax delinquency proceedings in which he was the presiding judge. The court took judicial notice that during the pendency of the property tax delinquency proceeding Johnson sent the court a letter stating that she intended to remove herself from all pending cases because she was moving out of the state. Further the court took judicial notice that, at that time and in response to Johnson=s letter, appellees moved to appoint a replacement attorney *ad litem* for appellant. The district court granted the appellees= motion, and appointed Tim

8

Cowart as the attorney *ad litem* to represent appellant. The court also took judicial notice that Cowart represented appellant=s interests through the 1998 judgment. We note also that Johnson, in the statement of facts portion of her brief, acknowledged that the district court had appointed Cowart as appellant=s *ad litem* and that Cowart represented appellant through judgment.

Johnson failed to appear at the hearing on the appellees= motion challenging her authority to represent appellant, and, despite the fact that it was Johnson=s burden to show authority to represent appellant in the proceeding, she failed to produce any evidence that would support such authority. Further, the district court took judicial notice that during the underlying property tax delinquency proceeding, it had appointed Cowart as appellant=s attorney *ad litem* replacing Johnson as appellant=s *ad litem*. Appellant=s second issue is overruled.

### *Contest to inability to pay for appellate record*

In his third issue, appellant contends the district court abused its discretion in denying the motion to continue the hearing on the contest to the affidavit of inability to pay for the appellate record because he received insufficient notice of the date of the hearing. Further, in his fourth issue appellant contends that the district court abused its discretion in Adenying the motion under TRCP 145 as to the sufficiency of the evidence contesting such motion.@

We first review the notice of appeal which was filed timely. It states, AThe party filing this notice is the Plaintiff, Dr. Rudoulf Michael Metz, by Clara E. ABetsy@ Johnson, Attorney ad Litem and guardian appointed by the Trial Court.@ Accompanying the notice of appeal was an affidavit of inability to

9

pay for the appellate record. This affidavit, however, was Johnson=s affidavit, not appellant=s affidavit. The affidavit stated,

> My name is Clara E. Betsy Johnson. I am self employed as an attorney and am single. I reside at 113 East 20th, San Angelo, Texas. At this time my amount of self employment income is 600 dollars per month. At present I have the following monthly bills . . . . I am unable to pay court costs. I verify that the statements made in this affidavit are true and correct.

Johnson signed the affidavit.

Johnson is not a party to this appeal. Further, an affidavit of inability to pay filed by Johnson explaining her inability to pay has no bearing on appellant=s ability to pay. Because Johnson is not an appellant, error, if any, by the district court related to the affidavit of inability to pay filed by Johnson did not probably cause the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a). Appellant=s third and fourth issues are overruled.

### *Service of process in the prior property tax delinquency proceeding*

Finally, appellant contends in his first issue that the district court erred in failing to rule that the appellees failed to comply with civil procedure rules regarding service of process in the underlying property tax delinquency proceeding. In this instance, the district court dismissed the bill of review proceeding without prejudice because the court concluded that Johnson was without authority to represent appellant. The district court

never reached the substantive issue of whether the appellees complied with the rules of civil procedure in serving appellant with process in the underlying property tax delinquency proceeding. There is nothing preserved for our review. *See* Tex. R. App. P. 33.1(a). Appellant=s first issue is overruled.

### Conclusion

Having addressed all of appellant=s issues, we affirm the district court=s dismissal of the bill of review proceeding without prejudice.[2]

_____

_____

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

_____

[2] We note that appellant submitted to this Court two motions to remand. The first motion to remand was Afiled@ March 27, 2002, despite the fact that the filing fee had not been paid and the motion did not contain a certificate of conference. This Court=s clerk=s office sent counsel notice of these defects, however, the defects have not been cured. We dismiss this motion. *See* Tex. R. App. P. 10.1(a)(5). Appellant also submitted an amended motion to remand on April 8, 2002. Again, a filing fee was not submitted with the motion nor did the motion contain a certificate of conference. This Court=s clerk=s office sent counsel notice of these defects and in the notice informed counsel that the motion was marked Areceived@ and was not filed. As the defects in the amended motion have not been corrected, this Court declines to file or address this motion.

Filed:   November 7, 2002

Do Not Publish