TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00312-CV







Dr. Rudoulf Michael Metz, Appellant


v.


Lake LBJ Municipal Utility District; Llano Independent School District; County
Education District #15; Linebarger Heard Goggan Blair Graham Pena &

Sampson; Llano County; Lake Lyndon B. Johnson Improvement

Corporation; and Horseshoe Bay Applehead Assessment

Association, Inc., Appellees







FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT

NO. 12,160, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING






 Appellant, Rudoulf Michael Metz, appeals the district court's dismissal of this bill
of review proceeding. The district court dismissed the bill of review without prejudice after
concluding that Clara E. "Betsy" Johnson failed to show authority to represent appellant as his
attorney in the proceeding. See Tex. R. Civ. P. 12. Appellant raises four issues contending that the
district court erred in failing to take the proper steps to terminate Johnson's appointment as
appellant's attorney ad litem; abused its discretion in failing to grant a continuance regarding a
hearing challenging the affidavit of inability to pay for the appellate record; abused its discretion in
granting the appellees' contest to the affidavit of inability to pay; and erred in failing to conclude that
the appellees did not comply with the rules of civil procedure relating to service of process in the
underlying property tax delinquency proceeding. We will affirm the district court's order dismissing
the bill of review proceeding without prejudice.


Background


 Underlying this bill of review proceeding was the property tax delinquency suit
commenced by appellees in April 1995 against appellant in the same Llano County district court. 
In March 1996, the appellees, unable to determine an address for appellant, served him with process
by publication. See Tex. R. Civ. P. 108. The district court also appointed an ad litem to act on
appellant's behalf. See Tex. R. Civ. P. 244. In October 1996, due to the joinder of a party to the
proceeding with whom the appointed ad litem had a conflict of interest, the district court appointed
Johnson to serve as appellant's ad litem attorney. Some time after her appointment and before the
district court rendered a final judgment, Johnson moved her law practice from Llano County, Texas,
to the State of Washington and communicated that fact by letter to the district court. The appellees
then requested that the court appoint a new ad litem for appellant. In August 1998, the district court
appointed Tim Cowart to serve as appellant's attorney ad litem. In November 1998, following a trial
on the merits at which Cowart represented appellant's interests, the district court rendered a final
judgment in favor of the appellees. Pursuant to the judgment, in April 1999, the property was sold
by the Sheriff of Llano County. 

 In November 1999, Johnson moved back to the area and filed a petition for a bill of
review representing that she was doing so on appellant's behalf. In the petition, she referred to
herself as appellant's attorney ad litem. The petition sought to set aside the November 1998
judgment in favor of the appellees as well as set aside the April 1999 sheriff's sale of the property
on the basis that appellant was not properly served with process. Additionally, the petition requested
attorney ad litem fees for Johnson in excess of $5900. 

 Appellees answered and generally denied the allegations in the petition. Further,
appellees, by sworn motion, challenged Johnson's authority to represent appellant in the bill of
review proceeding. (1) See id. A hearing was set for 9:00 a.m. on March 9, 2001. On March 7, 2001,
Johnson filed a response titled "Objection & Reply To Motion To Show Authority." The response,
however, did not address any issues raised in appellees' motion to show authority; rather, it reiterated
the contentions in the bill of review petition that appellant was served improperly in the underlying
property tax delinquency proceeding. The only portions of the response related to appellees' motion
to show authority were the statements that Johnson was simply "not available" for a March 9 hearing
and that it was a "burden to appear in this matter twice given the distance [she had to drive]" and the
fact that she was having car trouble. 

 On March 9 the court held a hearing on appellees' motion to show authority. The only
attendees at the hearing were the attorneys for the appellees; Johnson did not appear nor did anyone
on her behalf. The record reflects that on March 9 at 10:06 a.m., Johnson submitted to the district
court by fax a first motion for continuance of the March 9 hearing. The court, however, at 9:20 a.m.
had already commenced the hearing. 

 The reporter's record from the hearing on the motion to show authority reflects the 


following:



The Court: Isn't there an order in the file removing her as attorney?


The Clerk: Not - - is it in that file?


[Appellees' attorney]: No. What happened was there was in the originally filed
delinquent tax suit, it's originally Mary Moursund was
appointed attorney ad litem. Then when we amended the
suit to add Horseshoe Bay Maintenance Fund, Inc., we had
to remove Mary. Then Betsy was appointed to serve as
attorney ad litem. 


 Then it was set for trial about four times, and she asked it to
be passed every time. Then by the time we were ready to
set it again, she had removed herself from the State of
Texas to the State of Washington. 


 She sent you a letter saying she intended to remove herself
from all of the cases, so we've (sic) filed a motion to
appoint - - another motion to appoint an attorney ad litem,
court appoint Tim Cowart. We had our judgment with Tim
representing the defendant. 


 Then she filed this separate cause of action as a bill of
review, and we don't think under any circumstances she
would have authority to file that either as an ad litem, or as
a - - an attorney for the plaintiff, because it's clear from the
pleadings that she hasn't contacted the plaintiff. She was
still searching for him, and plaintiff was totally unaware of
all of this because of the cite by posting. So I don't think
she has any authority to represent the - - 


. . . . . 


The Court: The Court takes judicial notice of the facts just recited by
[Appellees' attorney] and further of the fact that the Court
has advised Ms. Johnson specifically because she was still
submitting invoices to the court for work and the court
appointments, that she was no longer an attorney under any
court appointments in this district. 


 Prior to the filing of this plaintiff's original petition for bill
of review, it is clear on the record for the original case . . .
which was 10,693, in Llano County, that she was no longer
the attorney of record in that case. Therefore, she could not
possibly, under any theory whatsoever, have the authority at
this point to file an original petition for bill of review. 


 The Court further takes notice of her pleadings in this Cause
Number 12,160, that she is still looking for Dr. Rudolf
Michael Metz; further, that her pleadings are clearly
purported to be in the capacity as attorney ad litem and
guardian, as she says for Dr. Rudolf Michael Metz. 
Therefore, she could not possibly be representing him in
any individual capacity of representation, and therefore
cannot have authority in that manner. 



 At the conclusion of the hearing, the district court rendered a final order which
concluded that Johnson was without authority to file the bill of review on behalf of appellant and that
no counsel appeared on behalf of appellant. Further, the court ordered Johnson barred from
continuing to represent appellant and ordered the pleadings struck and the bill of review proceeding
dismissed without prejudice. The district court never reached the merits of the petition for bill of
review. 

 Johnson, on behalf of appellant, filed an unsupported motion for new trial contending
that the district court erred in concluding that Johnson had no authority to bring the bill of review
because there had been no formal hearing with notice to Johnson that her appointment as attorney
ad litem for appellant was terminated, that the district court erred in failing to grant a continuance
of the hearing on the motion to show authority, and that service of process by publication in the
underlying tax delinquency proceeding was improper. The motion was overruled by operation of
law. 

 Notice of appeal was timely filed. Johnson submitted and signed the notice of appeal
representing that "The party filing this notice is the Plaintiff, Dr. Rudoulf Michael Metz, by Clara
E. "Betsy" Johnson, Attorney ad Litem and guardian appointed by the Trial Court." Accompanying
the notice of appeal was an affidavit of inability to pay the costs of appeal that reflected Johnson's,
not appellant's, financial status and contended that Johnson was unable to pay the costs of appeal.
The appellees challenged the affidavit, and following a hearing, the district court sustained the
appellees' challenge to the affidavit of inability to pay. The appellate records were prepared, the fees
were paid, and the appeal has proceeded. 


Discussion


 On appeal, four issues are presented for review: (1) whether the district court erred
in failing to take the proper steps to terminate Johnson's appointment as appellant's attorney ad
litem; (2) whether the district court abused its discretion in failing to grant a continuance regarding
a hearing challenging the affidavit of inability to pay for the appellate record; (3) whether the district
court abused its discretion in granting the appellees' contest to the affidavit of inability to pay; and
(4) whether the district court erred in failing to conclude that the appellees did not comply with the
rules of civil procedure relating to service of process in the underlying property tax delinquency
proceeding. 

Johnson's status as appellant's attorney ad litem

 Rule 12 of the Texas Rules of Civil Procedure requires a party who believes that a
suit is being prosecuted or defended without authority by an attorney to move before the parties have
announced ready for trial that such attorney not be permitted to appear in the cause. See Tex. R. Civ.
P. 12; City of San Antonio v. Aguilar, 670 S.W.2d 681, 684 (Tex. Civ. App.--San Antonio 1984,
writ dism'd). At the hearing on the motion, the burden is upon the challenged attorney to show
sufficient authority to prosecute or defend the suit on behalf of the other party. Id. The district
court's finding that an attorney lacks authority to file or maintain a suit is a conclusion of law. State
v. Evangelical Lutheran Good Samaritan Society, 981 S.W.2d 509, 511 (Tex. App.--Austin 1998,
no pet.) (citing Gulf Reg'l Educ. Television v. University of Houston, 746 S.W.2d 803, 806 (Tex.
App.--Houston [14th Dist.] 1988, writ denied)). As a conclusion of law, we review de novo the
district court's finding. Evangelical Lutheran, 981 S.W.2d at 511. 

 Appellant fails to directly challenge the district court's basis for dismissal of the
proceedings--that Johnson was without authority to represent appellant in these bill of review
proceedings. However, in construing appellant's issues broadly, we note that the second issue
contends that the district court failed to take the proper steps to remove Johnson as appellant's prior
attorney ad litem. As Johnson did not appear at the hearing on the motion to show authority, this
issue was raised for the first time in an unsupported motion for new trial. 

 A motion for new trial that is overruled by operation of law preserves for appellate
review a complaint properly made in the motion, unless taking evidence was necessary to properly
present the complaint to the trial court. See Tex. R. App. P. 33.1. The contention that the district
court erred in failing to properly terminate Johnson's ad litem appointment required some
substantiation or evidence before the district court. As there was no support for this assertion, it was
not properly preserved for our review. See Tex. R. App. P. 33.1(b). In the event, however, the
assertion in the motion for new trial is properly before us, we note that there are no statutory
provisions or procedural rules outlining steps a court must take in removing an ad litem from an
appointment. See Coleson v. Bethan, 931 S.W.2d 706, 712 (Tex. App.--Fort Worth 1996, no writ).
The Coleson court noted, however, that a motion pursuant to Texas Rule of Civil Procedure 12
would be appropriate where "perhaps the attorney ad litem's duties had been fulfilled but the
attorney ad litem continued to act and failed to seek his or her discharge, as would be the normal
scenario." Id. 

 Although the record before us does not contain any documents from the underlying
property tax delinquency proceeding, as noted above, during the hearing on appellees' motion to
show authority, the district judge took judicial notice of several facts that occurred during the
underlying tax delinquency proceedings in which he was the presiding judge. The court took judicial
notice that during the pendency of the property tax delinquency proceeding Johnson sent the court
a letter stating that she intended to remove herself from all pending cases because she was moving
out of the state. Further the court took judicial notice that, at that time and in response to Johnson's
letter, appellees moved to appoint a replacement attorney ad litem for appellant. The district court
granted the appellees' motion, and appointed Tim Cowart as the attorney ad litem to represent
appellant. The court also took judicial notice that Cowart represented appellant's interests through
the 1998 judgment. We note also that Johnson, in the statement of facts portion of her brief,
acknowledged that the district court had appointed Cowart as appellant's ad litem and that Cowart
represented appellant through judgment.

 Johnson failed to appear at the hearing on the appellees' motion challenging her
authority to represent appellant, and, despite the fact that it was Johnson's burden to show authority
to represent appellant in the proceeding, she failed to produce any evidence that would support such
authority. Further, the district court took judicial notice that during the underlying property tax
delinquency proceeding, it had appointed Cowart as appellant's attorney ad litem replacing Johnson
as appellant's ad litem. Appellant's second issue is overruled. 


Contest to inability to pay for appellate record

 In his third issue, appellant contends the district court abused its discretion in denying
the motion to continue the hearing on the contest to the affidavit of inability to pay for the appellate
record because he received insufficient notice of the date of the hearing. Further, in his fourth issue
appellant contends that the district court abused its discretion in "denying the motion under TRCP
145 as to the sufficiency of the evidence contesting such motion." 

 We first review the notice of appeal which was filed timely. It states, "The party
filing this notice is the Plaintiff, Dr. Rudoulf Michael Metz, by Clara E. "Betsy" Johnson, Attorney
ad Litem and guardian appointed by the Trial Court." Accompanying the notice of appeal was an
affidavit of inability to pay for the appellate record. This affidavit, however, was Johnson's affidavit,
not appellant's affidavit. The affidavit stated, 


My name is Clara E. Betsy Johnson. I am self employed as an attorney and am
single. I reside at 113 East 20th, San Angelo, Texas. At this time my amount of self
employment income is 600 dollars per month. At present I have the following
monthly bills . . . . I am unable to pay court costs. I verify that the statements made
in this affidavit are true and correct.



Johnson signed the affidavit.

 Johnson is not a party to this appeal. Further, an affidavit of inability to pay filed by
Johnson explaining her inability to pay has no bearing on appellant's ability to pay. Because
Johnson is not an appellant, error, if any, by the district court related to the affidavit of inability to
pay filed by Johnson did not probably cause the rendition of an improper judgment. See Tex. R.
App. P. 44.1(a). Appellant's third and fourth issues are overruled.


Service of process in the prior property tax delinquency proceeding

 Finally, appellant contends in his first issue that the district court erred in failing to
rule that the appellees failed to comply with civil procedure rules regarding service of process in the
underlying property tax delinquency proceeding. In this instance, the district court dismissed the bill
of review proceeding without prejudice because the court concluded that Johnson was without
authority to represent appellant. The district court never reached the substantive issue of whether
the appellees complied with the rules of civil procedure in serving appellant with process in the
underlying property tax delinquency proceeding. There is nothing preserved for our review. See
Tex. R. App. P. 33.1(a). Appellant's first issue is overruled. 

Conclusion


 Having addressed all of appellant's issues, we affirm the district court's dismissal of
the bill of review proceeding without prejudice. (2) 



 _____________________________________________

 Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: November 7, 2002

Do Not Publish

1.   Texas Rule of Civil Procedure 12 provides in relevant part:


A party in a suit or proceeding pending in a court of this state may, by sworn
written motion stating that he believes the suit or proceeding is being prosecuted
or defended without authority, cause the attorney to be cited to appear before the
court and show his authority to act. 


Tex. R. Civ. P. 12.
2.   We note that appellant submitted to this Court two motions to remand. The first motion
to remand was "filed" March 27, 2002, despite the fact that the filing fee had not been paid and the
motion did not contain a certificate of conference. This Court's clerk's office sent counsel notice
of these defects, however, the defects have not been cured. We dismiss this motion. See Tex. R.
App. P. 10.1(a)(5). Appellant also submitted an amended motion to remand on April 8, 2002. 
Again, a filing fee was not submitted with the motion nor did the motion contain a certificate of
conference. This Court's clerk's office sent counsel notice of these defects and in the notice
informed counsel that the motion was marked "received" and was not filed. As the defects in the
amended motion have not been corrected, this Court declines to file or address this motion.