ACCEPTED
03-11-00420-CV
4949300
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/20/2015 11:22:15 AM
JEFFREY D. KYLE
CLERK

**COURT OF APPEALS**
**THIRD DISTRICT OF TEXAS**
**AUSTIN, TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

4/20/2015 11:22:15 AM

JEFFREY D. KYLE
Clerk

**NO. 03-11-00420-CV**

**DAVID PENNY,**

**Appellant,**

**vs.**

**EL PATIO, LLC d/b/a EL PATIO MOTEL**

**Appellee.**

**LETTER BRIEF OF APPELLEE EL PATIO, LLC d/b/a EL PATIO MOTEL**

Stephen H. Nickey
State Bar ID No. 15014225
snickey@nickeylaw.com
The Law Offices of Stephen H. Nickey, P.C.
1201 North Mesa  Suite B
El Paso, Texas 79902
(915) 351-6900
(915) 351-6901 fax

## Standard of Review

At oral argument held in San Angelo, Texas, Chief Justice Rose asked the parties to brief whether the standard of review was De Novo or abuse of discretion. The correct standard of review is abuse of discretion. The Texas Supreme Court reviewed a trial court's ruling on a motion to show authority applying an abuse of discretion standard in *Urbish v. 127th Judicial Dist. Court,* 708 S.W.2d 429 (Tex. 1986). The Dallas Court of Appeals followed *Urbish* and reviewed a Rule 12 motion under abuse of discretion in *R.H. v. Smith*, 339 S.W.3d 756 (Tex.App.—Dallas 2011, no pet.). One year later, the San Antonio Court of Appeals followed *Urbish* and *Smith* and applied abuse of discretion to its review of a trial court's ruling on a motion to show authority. *See In re Guardianship of Benavides*, 403 S.W3d 370, 373 (Tex.App.—San Antonio 2013, no pet.). Even more recently, the Houston and the Corpus Christi Courts of Appeals have followed *Urbish, Smith* and *Benavides* and adopted an abuse of discretion standard for reviewing a ruling on a Rule 12 motion. *See In re Old Am. County Mutual Fire Ins. Co.*, No. 13-13-00644-CV (Tex.App.—Corpus Christi April 23, 2014, orig. proceeding); *Tanner v. Black*, No. 01-13-01059-CV, 2015 WL 1122945 (Tex.App.—Houston [1st Dist.] March 12, 2015, no pet.). Abuse of discretion is the correct standard of review, among other things, because "when making a

1

determination under rule 12, trial courts consider and weigh the evidence presented." *Benavides*, 403 S.W.3d at 376 (citing *Smith*, 339 S.W.3d at 762-63). As such, to succeed on appeal, the appellant is "required to establish that the trial court could have reached only one decision on the motion to show authority." *Id.* at 377.

There is contrary but reconcilable authority. The Austin Court of Appeals applied a *de novo* standard of review to a ruling on a Rule 12 motion in *Metz v. Lake LBJ Municipal Utility Dist.*, No. 13-01-00312-CV, 2002 WL 31476887 (Tex.App.—Austin Nov. 7, 2002, no pet.). Without considering *Urbish* or its progeny, the Court stated that, "The district court's finding that an attorney lacks authority to file or maintain a suit is a conclusion of law...," and, "[a]s a conclusion of law, we review *de novo* the district court's findings." *Id.* at *3. The Court cited to *State v. Evangelical Lutheran Good Samaritan Society*, 981 S.W.2d 509 (Tex.App.—Austin 1998, no pet.) for this proposition, which in turn relies on *Golf Reg'l Educ. Television v. University of Houston*, 746 S.W.2d 803 (Tex.App.—Houston [14th Dist.] 1988, writ denied). However, neither of the three cases addressed *Urbish* and they are therefore contrary to Texas Supreme Court precedent. Further, the holdings in *Metz, Evangelical* and *Golf* can be reconciled with *Urbish, Smith* and *Benavides*. For example, the court in *Metz* found that the

2

attorney had failed to appear at the hearing on the motion to show authority and therefore did not meet his burden under Rule 12. *Metz*, 2002 WL 3147688 at *4. The court noted that the trial court had taken judicial notice of evidence presented in the underlying proceeding, but the court did not conduct a *de novo* review of such evidence. *Id.* The court in *Evangelical* applied a *de novo* standard of review, because the Rule 12 motion in that case turned on purely legal question. The question before the court was whether the Texas Attorney General had the statutory authority to enforce Chapter 242 of the Texas Health and Safety Code. *See Evangelical*, 981 S.W.2d at 511-12. *De novo* review of purely legal questions is consistent with abuse of discretion review. *See Old American*, 2014 WL 1633098 at *6 ("A trial court also abuses its discretion by failing to analyze or apply the law correctly.") (citing *Lliff v. Lliff*, 339 S.W.3d 74 (Tex. 2011)). Finally, the Court in *Gulf* did not address the standard of review in a Rule 12 motion and instead gave deference to the fact findings of the trial court similar to an abuse of discretion analysis. *See Gulf*, 746 S.W.2d at 808-09 (reviewing the evidence before the trial court and concluding that "[w]ithout an exhaustive analysis, we find support for the trial court's conclusions."). As such, the correct standard of review of a trial court's ruling on a Rule 12 motion is abuse of discretion.

3

**Evidence attached to El Patio's Response to Motion to Show Authority**

The Court asked during oral argument whether El Patio had filed any evidence with its original response to the motion to show authority. Counsel advised the Justices that he was not sure at oral argument and in an abundance of caution, El Patio hereby directs to the Court to the record citations for such evidence. El Patio filed its Response on November 1, 2010. CR 700-709. El Patio attached to its Response the affidavit of Steven Hyde (CR 710-718), which in turn included multiple exhibits, such as the Operating Agreement (CR 719-734) and the three unanimous consents (CR 754-765).

Respectfully Submitted,
The Law Offices of Stephen H. Nickey P.C.
1201 N. Mesa    Suite B
El Paso, Texas    79902
(915) 351-6900
(915) 35106901
snickey@nickeylaw.com

__/s/ Stephen H. Nickey_____
Attorneys for Appellee,
El Patio, LLC d/b/a El Patio Motel

CERTIFICATE OF SERVICE

I, Stephen H. Nickey, hereby certify that on this 20th day of April, 2015, the foregoing letter brief was electronically filed with the Clerk of the Court using the e-filing system provider, which will provide notice to lead counsel for Appellant, Greg Gossett, Esq. (gregg@ghtxlaw.com) and all other counsel of record.
__/s/ Stephen H. Nickey_____
Stephen H. Nickey