

FILED
**April 20, 2015**
Third Court of Appeals
Jeffrey D. Kyle
Clerk

ACCEPTED
03-11-00420-CV
4955693
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/20/2015 2:59:47 PM
JEFFREY D. KYLE
CLERK

Appeal No. 03-11-00420-CV

_____

In the Court of Appeals
Third Judicial District
Austin, Texas

_____

**DAVID PENNY**

*Appellant,*

**v.**

**EL PATIO, LLC D/B/A EL PATIO MOTEL,**

*Appellee.*

_____

On Appeal from the 119th District Court
Tom Green County, Texas
Cause No. B-09-0977-C

_____

**SUPPLEMENTAL BRIEF OF APPELLANT**
**(Requested by Court during Oral Argument)**

_____

Greg Gossett
GOSSETT, HARRISON,
MILLICAN & STIPANOVIC, P.C.
State Bar No.: 08225000
P.O. Drawer 911
San Angelo, TX  76902
(325) 653-3291
Telecopier No. (325) 655-6838
gregg@ghtxlaw.com

## IDENTITY OF PARTIES AND COUNSEL

**Presiding Judge:**

Honorable Ben Woodward
119TH District Court of Tom Green County, Texas

**Parties to the judgment being appealed from:**

David Penny, Appellant

El Patio, LLC d/b/a El Patio Motel, Appellee

**Parties dismissed from appeal:** The following parties have been dismissed from the appeal: Richard Cheroske, Blue Castle Property Management, LLC, 190 Orange Avenue and Jean Stanzick

**Names and addresses of trial and appellate counsel:**

Greg Gossett
P.O. Drawer 911
San Angelo, TX 76902
Texas State Bar No. 08225000
(Trial and Appellate Counsel for Appellant)

David Mirazo
100 North Stanton, Suite 1000
El Paso, TX 79901
Texas State Bar No. 24044610
(Trial Counsel for Appellee)

Stephen H. Nickey
1201 North Mesa, Suite B
El Paso, TX 79902
Texas State Bar No. 15014225
(Appellate Counsel for Appellee)

**TABLE OF CONTENTS**

|  |  |
|---|---|
|  | Page |
| Identity of Parties and Counsel | ii |
| Table of Contents | iii |
| Reply to Issues Raised by Court | 1 |
| Prayer | 4 |
| Certification | 5 |
| Certificate of Service | 5 |

# INDEX OF AUTHORITIES

**CASES** **Page**

*Metz v. Lake LBJ Mun. Util. Dist., 2002 Tex. App.*
*LEXIS 7938, 2002 WL 31476887* (Tex. App. –
Austin 2002, no pet.) …………………………………………. 2

*Nolana Open MRI Ctr., Inc., v Pechero,*
*2015 Tex App Lexis 1352* (Tex App. – Corpus Christi) …………… 3

*State v. Evangelical Lutheran Good Samaritan Society,*
 *981 S.W.2d 509* (Tex. App – Austin 1998, no pet.) ……………….. 1

**STATUTE and RULES**

TEX R. CIV. P. Rule 12 ………………………………………….. 2

## REPLY TO ISSUE RAISED BY THE COURT

Does the Appellate Court review *de novo* the district court's ruling regarding the Motion under Rule 12?

The authority of an attorney to represent a client before a court of law is jurisdictional. If a client has not authorized an attorney to represent the client, the orders and judgments of a court are not binding on the client.

There are two separate steps in analyzing the creation of a valid attorney/client relationship. First, is there statutory or judicial authority for the attorney to legally represent the client? Secondly, has the client in fact authorized the attorney to represent the client?

In *State v. Evangelical Lutheran Good Samaritan Society, 981 S.W.2d 509* (Tex. App – Austin 1998, no pet.), this court held that the issue as to statutory or judicial authority is a conclusion of law. In *Evangelical Lutheran* the defendant contended that the Texas Attorney General did not have statutory authority to represent the Texas Department of Human Services in a suit regarding the operation of a nursing home. Since the issue before the Court involved conclusions of law (i.e. interpretation of statutes), the Appellate Court was entitled to review *de novo* the District Court's findings.

1

"*De novo*" in the Appellate Court requires that there be no issue of fact. The Appellate Court can review all statutory or judicial authority and not just statutes or judicial opinions reviewed by the trial court. "*De novo*" in the appellate court is a different form of trial *de novo* than in the county court, which conducts a new trial of both evidence and authority.

But after passing the first step was to whether there is any statutory or judicial authority, the challenged attorney must also establish that the attorney has in fact been properly engaged to represent the client.

Rule 12 expressly requires that the challenged attorney have "the burden of proof . . . to show sufficient authority to prosecute . . " If there is a burden of proof and evidence required, it is not a situation of "conclusion of law" and therefore trial *de novo*" is not appropriate, as in the case at bar.

An interesting case which analyzes both the first step of statutory or judicial authority and the second step of actual engagement is *Metz v. Lake LBJ Mun. Util. Dist., 2002 Tex. App. LEXIS 7938, 2002 WL 31476887* (Tex. App. – Austin 2002, no pet.). In *Metz* the attorney Johnson attempted to appeal a bill of review proceeding of a final judgment for delinquent taxes. Johnson claimed the status as attorney/client under two separate relationships. First, Johnson claimed to be the attorney *ad litem* for Metz pursuant to trial court appointment and secondly,

2

Johnson claimed to be the individual attorney for Metz by private engagement.

With regard as to authority to represent Metz as attorney *ad litem*, that issue is based on statutory or judicial authority. Testimony or evidence was not proper since this issue was based on prior trial court orders. It was a question of law and review *de novo* in the appellate court was proper. The record reflected that Johnson had been appointed attorney *ad litem*, moved to the State of Washington advising the trial court by letter, a new attorney *ad litem* was appointed and final judgment rendered. Since the lack of authority of Johnson was based on court orders, the trial court's finding was a conclusion of law and the appellate court reviewed the decision *de novo*.

But with regard to the right of Johnson to represent Metz as his personal attorney, that issue is subject to second step and not reviewed *de novo*. The appellate court in *Metz* correctly stated that with regard to the authority of Johnson to represent Metz personally, it was Johnson's "burden to show authority to represent appellant in the proceeding, she failed to produce any evidence that would support such authority." Thus the trial court's order of dismissal was affirmed. *See Nolana Open MRI Ctr., Inc., v Pechero, 2015 Tex App Lexis 1352* (Tex App. – Corpus Christi).

IN THE CASE AT BAR, the objection to lack authority was not based on

any statutory or judicial prohibition. Thus it was not based on a conclusion of law and therefore review by *de novo* is not proper. Instead, appellant's motion for lack of authority was based on the fact that El Patio had never properly engaged the trial attorney and as no evidence was introduced to support such authority, the motion to dismiss should have been granted.

PRAYER

WHEREFOR PREMISES CONSIDERED, for the foregoing reasons, Appellant David Penny prays as is set out in Appellant's Brief.

Respectfully submitted,

**GOSSETT, HARRISON,**
**MILLICAN & STIPANOVIC, P.C.**
P.O. Drawer 911
San Angelo, TX  76902
(325) 653-3291; Telecopier No. (325) 655-6838

By__/ss/Greg Gossett_____
**Greg Gossett,** State Bar No.  08225000
**ATTORNEYS FOR APPELLANT**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing brief has been both emailed and mailed by certified or registered mail, properly addressed, return receipt requested, in a postpaid envelope deposited with the United States Postal Service this 20th day of April, 2015, to the following, to-wit:

Stephen H. Nickey
1201 North Mesa, Suite B
El Paso, TX  79902
Texas State Bar No. 15014225
(Appellate Counsel for Appellee)

____/ss/ Greg Gossett_____
Greg Gossett

## CERTIFICATE OF COMPLIANCE

I hereby certify that the above and foregoing Appellant's Brief has been prepared and typed in 14 point font, footnotes are typed in 12 point font, and conforming with the inclusions and exceptions in Rule 9.4, the word count is 1,174.

__/ss/ Greg Gossett_____
Greg Gossett